## Tredway v. Eldridge et al. No. 2.

*Foreign attachment—Practice—Defendant not out of county—Burden of proof—When writ will be dissolved—Acts of March 30, 1905, P. L. 76, and June 21, 1911, P. L. 1097.*

1. A writ of foreign attachment can issue in all cases to attach real or personal property of a person not residing within the Commonwealth and not being within the county in which such writ shall issue.

2. Where the defendant asks for the dissolution of a writ of foreign attachment on the ground that he was in the county when the writ issued and files an affidavit in support of the rule, the burden is on the plaintiff to show that he was in fact a non-resident and not in the county in order to give the court jurisdiction.

Rule to dissolve foreign attachment. C. P. Lancaster Co., Dec. T., 1924, No. 41.

*J. Andrew Frantz*, for rule; *Charles W. Eaby*, contra.

HASSLER, J., April 18, 1925.—The rule to dissolve this writ of foreign attachment was granted on a petition which alleges that the defendant was in this county when the writ was issued. The petition is sworn to by the defendant. The writ was issued on Nov. 28, 1924, at 3.30 P. M. The plaintiff has filed an answer to this petition, in which he does not deny any of the allegations contained in it.

Since the passage of the Act of March 30, 1905, § 1, P. L. 76, and the Act of June 21, 1911, § 1, P. L. 1097, a writ of foreign attachment can issue in all cases to attach the real and personal estate of a person not residing within the Commonwealth *and not being within the county* in which such writ shall issue at the time of the issuing thereof. No affidavit that the defendant is a non-resident and is not in the county at the time the writ was issued is necessary to be filed before the writ can issue. Under the provisions of the acts of assembly, the court does not have jurisdiction to attach the property of one who is a resident of this State or of one who is in the county at the time the writ is issued.

In Hopkins v. Russell, 26 Lanc. Law Rev. 41; Lopez v. Donahue, 15 Dist. R. 349, and Sibley v. Dougherty, 9 Kulp, 158, it was decided that where the

Tredway *v.* Eldridge et al.   No. 2.

defendant asked the dissolution of a writ of attachment on the ground that he is a resident of the State, the burden is on the plaintiff to show that he is a non-resident, as he must show that the court had jurisdiction to issue it when that jurisdiction is denied.  For the same reason, the burden is on him to show that the defendant alleges he was not in the county at the time the writ was issued, where the defendant alleges that he was in the county at that time.  In Van Dyke *v.* Macauley, 4 Dauphin Co. Reps. 194, Judge Simonton made absolute a rule to quash a writ of foreign attachment upon the affidavit in support of the rule that the defendant was in the county when the writ was issued, as this cast the burden on the plaintiff to show that he was not in the county at that time.

In the present case we have an affidavit filed by the defendant that he was in the county at the time the writ was issued.  This, as we have said, is not even denied by the plaintiff.  This casts the burden upon the plaintiff to show that the defendant was in the county at that time, and he has failed to, so we must make absolute the rule and dissolve the attachment issued in this case.  Rule made absolute and attachment dissolved.

From George Ross Eshleman, Lancaster, Pa.